REDMANN, Chief Judge.
A rule to show cause issued on defendant father’s “motion to set aside judgment” for child support, on the ground it was obtained by ill practice. The mother argued, in her trial court memorandum in opposition filed the day following the hearing on the rule, that the motion’s claim of nullity was not presentable by summary procedure. The trial judge denied the motion. We reverse.
There is no transcript of the hearing on the rule, but apparently the hearing was limited to argument, and the allegations of ill practice were not tried. Apparently the trial judge declined to entertain the claim of nullity of judgment because presented not by petition but by rule. That was error. “All objections which may be raised through the dilatory exception are waived unless pleaded therein,” La.C.C.P. 926 (including unauthorized use of summary proceeding, 926(3)). “Exceptions to a *1195 ... rule to show cause ... shall be filed prior to the time assigned for, and shall be disposed of on, the trial,” C.C.P. 2593. The mother did not file the dilatory exception at any time. If one could argue that her trial court memorandum might be considered as if an exception, it was not filed prior to the time assigned for trial. The action of nullity — especially in view of its allegation that the mother’s lawyer advised the father's lawyer that the support rule was being continued, yet took the father into court unrepresented to consent to a judgment— should therefore have been tried notwithstanding that it was presented by rule rather than by petition.[1]
Reversed; remanded.

. We do not construe the trial judge’s denial as if the interposing and maintaining of an exception of no cause of action. The motion’s allegations state a cause of action for nullity. The trial judge knew, at the trial of the support rule, that the father testified that he had fired his lawyer. But opposing counsel then knew, according to the allegations, and did not reveal to the trial judge, that the father had not fired his lawyer before coming to court for the trial of the support rule, and that the father’s lawyer’s absence from court was due to opposing counsel’s having advised him that the support rule would be tried not that day but five days later (to accommodate the father’s lawyer, who was that day trying another case in another division of the same district court). We do not suggest that the lawyer has any right that requires annulling the decree to which the uncounseled client consented. It is the client’s right to his lawyer's counsel that demands that a judgment under the circumstances alleged be annulled for ill practice. Courts cannot suffer opposing counsel to separate a client from his lawyer by advising the lawyer the case is continued and then to somehow accomplish the immediate firing of the lawyer by the uncounseled client and an immediate uncounsclcd consent judgment.